## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Moses McDuffie, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 2:10-684-PMD |
| v. | ) | |
| | ) | |
| A.C. English, John Land, Barney Morris, | ) | |
| Leon Richburg, William (Amy) Land, | ) | **ORDER** |
| Nelson Parker, Keith Josey, Randy Garett, | ) | |
| Rick Elms, James Dingle, Eva Mae Spry, | ) | |
| Mary E. Gamble, and Marion S. Riggs, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Plaintiff Moses McDuffie, Jr.'s ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## STANDARD FOR REVIEWING MAGISTRATE JUDGE'S R&R

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R. *Id.* The

court remains mindful that Plaintiff appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

After conducting a review of Plaintiff's complaint, the Magistrate Judge determined that it should be summarily dismissed because it contained nothing more than a confusing assortment of buzzwords and gibberish, which did not satisfy the directive of Rule 8 of the Federal Rules of Civil Procedure. The best the Magistrate Judge could determine was that Plaintiff's allegations concern his displeasure with the outcome of a probate matter involving his father's family in a Clarendon County court, and after reviewing Plaintiff's pleadings itself, this court's ability to decipher Plaintiff's complaint is no better. Despite the Magistrate Judge's recommendation to submit his pleadings in the proper form, Plaintiff's objections merely consists of a copy of the Magistrate Judge's R&R, with random numbers and words written on top of it. As a result, it remains impossible to determine what Plaintiff specifically complains of, which allegations of wrongdoing are made with respect to each named defendant, and what, if any, jurisdictional basis permits Plaintiff to file in this court. Therefore, after a careful review of the record, the applicable law, the R&R, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. *See Farabee v. Feix*, 119 F. App'x 455, 458 n.3 (4th Cir. 2005) ("District judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments . . . .") (internal quotation omitted).

## CONCLUSION

Accordingly, the Report and Recommendation is incorporated herein by reference and the

Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**May 21, 2010**
**Charleston, SC**